Union Trust Company, Executor vs. Mary Davies }Law No. 85525.

March 2, 1932.

CHURCHILL, J. Motion for new trial filed by the defendant after verdict for the plaintiff for $4000, in an action of assumpsit.

The defendant's counsel did not argue the motion for a new trial but it is nevertheless in order for this Court to give its reasons for denying such motion.

The plaintiff, as executor of the will of Jennie Moore, brought suit to recover the amount of two savings bank accounts transferred to the defendant by Jennie Moore on November 1, 1929. Recovery was sought on the grounds of incompetency and undue influence. The defendant claims the funds as gifts.

Jennie Moore and Mary Davies were sisters and at the time of the transfer the former was seriously ill, being cared for by her sister at her sister's home. The defendant had charge of her sister's business affairs.

Mrs. Moore had for more than a year previous to her death been afflicted with a cancer. In August, 1928, just prior to an operation, she executed the will under which the plaintiff was appointed executor. The defendant was given $100 and Bertha P. Dubeau, a foster daughter, was made the residuary legatee. The property consisted of the two bank deposits and a piece of real estate of small value.

After an operation in August, 1928, Mrs. Moore recovered her health for a short time but in the spring of 1929 the cancerous condition recurred and from June, 1929, her condition became progressively worse. She was removed to her sister's house on September 30, 1929, and remained there until her death on November 11, 1929.

The orders on which the funds were withdrawn were prepared by Mrs. Davies; were drawn to her order; she obtained from the banks the proper form of certificates used by them when the depositor is unable to sign his name, and drew the funds on the orders so prepared.

Two witnesses, one of them the attending physician, were present when Mrs. Moore executed each of the orders by affixing her cross. Both witnesses testified she was competent to do business and that she stated that she wished Mrs. Davies to have the money.

On the other hand, there was testimony, which the jury were warranted in believing, that from September 30, 1929, the date when Mrs. Moore went to her sister's home, she became more and more enfeebled both in body and mind; that she had periods of coma; that when apparently conscious she would say "yes! yes" to questions put to her, rather than attempt to carry on conversation; that she had hallucinations; at times did not recognize her friends, and that these mental disturbances grew more pronounced in character from week to week. There was medical testimony, from a physician who had previously attended her, that, given the character of malady under which she was suffering and the symptoms displayed, in his opinion she was not competent to transact business on November 1, 1929.

The good faith of the defendant in the transactions of November 1, 1929, was impeached by her concealment from Mrs. Dubeau of the fact of the transfers until just before the will was offered for probate.

The jury were warranted in drawing the conclusion either that the transfers were brought about as the result of undue influence exerted by the defendant, or that at the time they were made Mrs. Moore did not have sufficient mental capacity to transact business of that character.

The verdict is amply sustained by

the evidence and does justice between the parties. The motion for a new trial is denied.

For plaintiff: Cooney & Kiernan, O'Shaunessy & Cannon.

For defendant: Frank H. Wildes.